LUJAN & WOLFF LLP
DNA Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

*Attorneys for Defendant*


FILED
DISTRICT COURT OF GUAM
SEP 08 2015
JEANNE G. QUINATA
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>vs.<br><br>JUSTIN ROBERT WHITE CRUZ and PETER ANTHONY CONCEPCION CRUZ,<br><br>Defendants. | Criminal Case No. CR-15-00041<br><br>**MOTION TO QUASH THE SEARCH WARRANTS AND SUPPRESS THE EVIDENCE PURSUANT TO FED. R. CRIM. PROC. 12(b)(3)(C);CERTIFICATE OF SERVICE** |

Comes now Defendant Justin Robert White Cruz ("Defendant"), and moves this court, pursuant to Federal Rule of Criminal Procedure ("FRCP") 12(b)(3)(C), to quash the search warrants issued in this case and suppress the evidence seized pursuant to those warrants.

1. Defendant is charged with Conspiracy to Distribute Methamphetamine (21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(A)(viii) & 18 U.S.C. § 2) (Count 1), Attempted Possession with Intent to Distribute Methamphetamine (21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(A)(viii) & 18 U.S.C. § 2), (Count 2), Attempted Possession with Intent to Distribute Methamphetamine (21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(C) & 18 U.S.C. § 2), (Count 3), and Possession with Intent to Distribute Methamphetamine (21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(A)(viii) & 18 U.S.C. § 2) (Count 4).

2. The United States Supreme Court firmly established that first class mail such as letters



1

and sealed packages are generally free from inspection by postal authorities, and may only be examined in a manner consistent with the Fourth Amendment to the United States Constitution (*United States v. Van Leeuwen*, 397 U.S. 249 (1970)). In a case where a postal inspector or law enforcement authorities must have reasonable, articulable, suspicion that a sealed package will contain evidence of criminal activity before removing, or "detaining", that package for further inspection or investigation (*See e.g. United States v. Colon*, 386 Fed.Appx 229 (3rd Cir. 2010)).

3. In this case, the Court should quash the search warrant in this case because the information available to the postal and law enforcement authorities do not rise to the level of reasonable suspicion as define in *Colon, supra*. First, in the search warrant, the affiant notes that the packages originated in a "suspect state" such as California, and that the package was sent in a method which allowed tracking of a package. However, the information available, all of which came from a confidential informant who was cooperating with law enforcement due to his own controlled substance arrest (a fact that notably affiant did not include in the affidavit in support of the search warrant applications), within the holding in *Colon, supra*, ends at that point.

4. In this case, the remainder of the information supporting the application for a warrant to open and search the package came from information not readily available at the time. First, law enforcement agents had no information to indicate a fictitious sender or recipient of the package. Indeed, law enforcement agents had no reasonable basis to believe the addressee was fictitious, or the sender for that matter. Additionally, the affiant in the warrant notes that, consistent with the information from the confidential informant, the package contained markings that would only be visible under black light; which would not be readily apparent from any other package. Finally, the dates of the times the drug detection canines examined the packages are inconsistent between the law enforcement reports and the affidavit in support of one of the warrants. See Affidavit of Deborah L. Epps marked as Exhibit "A".

2
Case 1:15-cr-00041   Document 10   Filed 09/08/15   Page 2 of 12

5. Because there was no reasonable, articulable, suspicion for the law enforcement officers to detain the packages in this case under the standards articulated in *Colon, supra,* and because the affiant made an important omission as to the source of much of the information, Defendant MOVES this Honorable Court to QUASH the warrants in this case and suppress any evidence seized as a result of the warrants.

Respectfully submitted this 8th day of September, 2015.

_____
DAVID J. LUJAN, ESQ.

# CERTIFICATE OF SERVICE

DAVID J. LUJAN, Esq., hereby certifies that a copy of Defendant Justin Robert White Cruz **MOTION TO QUASH THE SEARCH WARRANTS AND SUPPRESS THE EVIDENCE PURSUANT TO FED. R. CRIM. PROC. 12(b)(3)(C)** was duly served to the following:

Clyde Lemons
Assistant U.S. Attorney
UNITED STATES ATTORNEY
DISTRICTS OF GUAM AND THE NMI

Dated this 8th day of September, 2015, Hagåtña, Guam.

_____
DAVID J. LUJAN, Esq.
Attorney for Justin Robert White Cruz

# AFFIDAVIT

I, Deborah L. Epps, being duly sworn, depose and say as follows:

## A. Background of Affiant

1. I am a federal agent employed with the United States Postal Inspection Service, currently assigned to the District of Guam, with fifteen years of law enforcement experience, duly appointed according to law and acting as such. Part of my responsibilities is the investigation of controlled substances transported through the U.S. Postal Service, in violation of Title 21, United States Code, Sections 841 (a) (1), 843(b), and 846. The Drug Abuse Prevention and Control Act. I have experience investigating violations of illegal narcotics and have received training relative to criminal investigations and narcotics trafficking from the U.S. Postal Inspection Service.

2. I have participated in controlled deliveries of contraband and the execution of search warrants with respect to narcotics and scheduled controlled substances as well as investigations into narcotics trafficking organizations shipping contraband to and from Hawaii, California, Nevada, Arizona, Texas, Oregon, and Washington. I have received formal, informal and on the job training from U.S. Postal Inspectors, Assistant United States Attorneys, the Drug Enforcement Administration, and other law enforcement agents who have done extensive work regarding the investigations into the sales, distribution, and manufacture of controlled substances, specifically methamphetamine, as well as involving the proceeds from the sales of controlled substances.

3. All of the facts and information set forth in this affidavit were obtained through official law enforcement communications.

4. I know from my training, knowledge, and experience that the importers and distributors of controlled substances often utilize the U.S. Postal Service to facilitate the distribution of controlled substances. Such mail will come from foreign or domestic places of origin and will be typically sent by either Express Mail, Priority Mail Express Mail, Priority Mail, Parcel Select, or First-Class Mail with or without a USPS tracking number.

5. I know from my personal experience and participation in the investigations of controlled substances sent via the mail, that witnesses, cooperating individuals, and informants have discussed and explained to law enforcement why the U.S. Mail system is used to facilitate the delivery of such controlled substances. I have also read official reports from other law enforcement officers detailing similar events.

6. The information contained within this affidavit is based upon my personal observations, training, and on information related to me by other law enforcement officers and investigators as set forth more fully herein. Because the purpose of this affidavit is to set forth probable cause, your affiant has not set forth each and every fact known to me in connection with this investigation.

7. Based on my training, experience, and consultations with other law enforcement officers experienced in drug investigations, I know that certain indicators exist when persons are using the U.S. Mail system to send prohibited controlled substances from one location to another. Indicators for packages that contain controlled substances and/or the proceeds from controlled substances include, but are not limited to the following:

    a. It is common for senders of controlled substances, and/or the proceeds from the sales of these, to use Express, Priority, Parcel Select and First Class Mail because the substances

2

or proceeds arrive faster and on a predictable date, thereby allowing the senders to keep track of the shipment or proceeds of controlled substances.

  b. When senders mail controlled substances from a particular area/state, the proceeds from the sale of these controlled substances may be returned to the sender. There are known source states for controlled substances mailed to Guam, (e.g., Hawaii, California, Arizona, Oregon, Nevada, Texas, Oregon, and Washington), where controlled substances are typically mailed from. Other major metropolitan areas have also shown to be source states on rare occasions for different substances.

  c. A sender may sometimes mail the package containing controlled substances from an area different from the return address on the package because either: 1) the return address is fictitious or associated to a vacant lot or house; and/or 2) the sender is attempting to conceal the actual location that the package was being mailed from in order to avoid detection. Additionally, there are usually misspellings and mistakes on the label indicative of someone filling out the address label who is not a resident of the return address (i.e. a "runner" or fictitious address).

  d. Express Mail packages containing narcotics usually contain a "Signature Waiver," which allows the package to be left at a location without requiring anyone to sign for the package. Person to person Express Mail packages rarely contain a signature waiver because this level of service is usually reserved for very important items that the sender would want to ensure someone was present for at time of delivery.

  e. I know from my training, experience, and discussions with other law enforcement officers that the following controlled substances are likely to be found during package interdiction operations: marijuana, methamphetamines, cocaine, LSD, psilocybin

3

mushrooms, heroin, opium, MDMA, and the proceeds from the sales of these controlled substances.

      f. These packages in many instances contain a fictitious return address; no return address; an actual address associated to a vacant lot or house; or the return address that is the same as the addressee's address. These packages are also sometimes addressed to or from a Commercial Mail Receiving Agency (i.e. UPS Store and Mailboxes Etc). This is done in order to conceal from law enforcement the identity of the person(s) shipping and/or receiving the controlled substances.

      g. I know from training, experience, and discussions with other law enforcement officers that these packages sometimes contain information and paperwork related to the sales and distribution of controlled substances. This paperwork can include, but is not limited to, information on the use and effects of the various controlled substances; the price for the controlled substance; the quality of the controlled substances; information on the actual sender; and information and instructions for ordering future controlled substances. These packages also sometimes contain smaller packages that are pre-addressed for mailing to secondary addresses after they have met their initial destination. This affidavit is not meant to set forth all investigative knowledge of this case, but only those facts necessary to establish Probable Cause.

**B.**   **Purpose of Affidavit**

8. This affidavit is submitted in support of a request for a search warrant to search a U.S. Priority Mail Package bearing USPS Tracking number 9505 5111 2724 5192 4779 51 and addressed as follows: (See Attachment A).

| FROM: | TO: |
|---|---|
| Brenda McDaniels | James Sullivan |
| 4747 Limerick Ave. | PMB 1101 111 Chalan Balako |
| San Diego, CA 92117 | Dededo, Guam, 96929 |

4

The affidavit in support of a search warrant for this package (hereinafter referred to as the SULLIVAN2 package), is requested to search for the following items believed to be contained in the SULLIVAN2 package:

    a. Controlled substances held in violation of 21 U.S.C. §§ 841 (a) (1), 843(b), and 846.

    b. Items of personal property which tend to identify the person(s) in possession, control, or ownership of the package that is the subject of the search warrant.

    c. Proceeds from the sale of controlled substances held in violation of 21 U.S.C. §§ 841 (a) (1), 843(b), and 846.

### C. Relevant Facts Pertaining to the SULLIVAN2 package

9. On or about July 16, 2015, the above-referenced SULLIVAN2 package was received by the U.S. Postal Service in Dededo, and, on July 16, 2015, drew the attention of this affiant as containing narcotics. First, this package was sent via Priority Mail (Paragraph 7.a). Secondly, this package is addressed from a "Source State" (Paragraph 7.b). Additionally, a confidential source (CS) provided information regarding the illegal shipment of narcotics in large quantities, concealed within USPS Priority Mail Large Flat Rate boxes. The narcotics are further concealed inside work boots and work clothing. Per the USPS Customs Declaration and Dispatch Note – CP72, contents of the SULLIVAN2 package are listed as, "Wrangler Work Boots, Wrangler Work Shirts, Wrangler Work Pants". In addition to the above-noted concealment method, the CS also advised that the mailer marks the narcotics packages with a marker that can only be detected under black light. The SULLIVAN2 package was placed under a black light and all four corners of the package showed markings only detectable under the black light.

10. On or about July 16, 2015, the SULLIVAN2 package was presented for external examination to drug detection canine controlled by Guam Customs and Quarantine Agency (GCQA) Drug Detection Dog Unit (DDDU). K9 handler Officer Russell Maratita informed me that his assigned Drug Detection (DD) dog "Gauge," did alert to the presence of narcotics. Furthermore, this DD dog is trained to detect controlled substances. DD dog "Gauge" was purchased in July 2010 at the Kasseburg Canine Training Center at the address of 767 Hillsboro Circle New Market, Alabama 35761 USA and completed the Guam Customs Canine Training Academy's Basic Canine Narcotic Detection Course in 2010 at the address of 13-16A Mariner Avenue, Tiyan, Barrigada, Guam 96913. DD dog "Gauge" is capable of detecting Heroin, Marijuana, Hashish, Hashish Oil, Cocaine, Methamphetamine and Ecstasy. DD dog "Gauge" is trained systematically on known samples of controlled substances. DD dog "Gauge" is also trained systematically on various methods of concealment which is inclusive of but not limited to concealment in letters, parcels, wooden crates, metal containers, cement objects, styrofoam coolers, plastic coolers, match boxes, cassette players, lockers, suitcases, various types of luggage and baggage, vehicles, furniture, and numerous other concealment methods imaginable. DD dog "Gauge's" positive alerts are at approximately 95%.

11. The SULLIVAN2 package is further described as bearing USPS Tracking Number 9505 5111 2724 5192 4779 51, with $17.90 in US Postage, and weighing approximately 9 pounds, 6.6 ounces.

12. Because this is an ongoing investigation, it is requested that this search warrant application and the accompanying affidavit, attachment, and exhibit be sealed until further order by the Court. It is also requested that the notice requirement be waived for a period not to exceed thirty (30) days, with leave to apply for an extension before the expiration of the time

6

JRWCetal_00007
Case 1:15-cr-00041   Document 10   Filed 09/08/15   Page 10 of 12

requested or actually granted by order of the Court. This is in order to better identify both the sender and recipient without jeopardizing an ongoing investigation.

WHEREFORE, based upon the information contained herein, there is probable cause to believe the SULLIVAN2 package described in paragraph 8 are evidence and instrumentalities of criminal offenses against the United States, to wit: violations of 21 U.S.C. §§ 841 (a) (1), 843 (b), and 846, in paragraphs 7 a-g.

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
Deborah L. Epps
US Postal Inspector
United States Postal Inspection Service

ATTACHMENT A

One (1) U.S. Priority Mail Package is further described as a package bearing $17.90 in US Postage, identified by USPS Tracking Number 9505 5111 2724 5192 4779 51, and addressed as follows:

FROM:
Brenda McDaniels
4747 Limerick Ave.
San Diego, CA 92117

TO:
James Sullivan
PMB 1101 111 Chalan Balako
Dededo, Guam, 96929

The SULLIVAN2 package weighs approximately 9 pounds, 6.6 ounces, and measures approximately 12" x 12" x 5.5".



8