# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 15-00041 |
| Plaintiff, | |
| vs. | **PRELIMIARY ORDER OF FORFEITURE** |
| JUSTIN ROBERT WHITE CRUZ, | |
| Defendant. | |

At the forfeiture proceeding held on November 17, 2016, the court found that the following properties are subject to forfeiture pursuant to 21 U.S.C. § 853: money judgment of $2,297,200.00; single family dwelling located at 678B Chalan Anonas, Guam, Lot No. 3378-7-2; 1 glock 27.40 caliber handgun serial #WAE950; 1 rock river 7.62 Nato Lar-8 rifle serial #UT103945 with a Nikon scope and biped; 1 AK47 pistol serial #M92PV042234; and assorted ammunition, as they constituted or were derived from the proceeds obtained, directly or indirectly, as a result of the Defendant's participation in the drug offenses he was convicted in, or that they were used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, those drug offenses. At the request of the United States, the court granted that the sum of $487,000.00 and the value of the one karat gold ring, which were administratively forfeited, be applied towards the money judgment.

1

**IT IS HEREBY ORDERED THAT**:

1. Upon the entry of this Order, the United States shall publish notice of the Order and its intent to dispose of the following properties: single family dwelling located at 678B Chalan Anonas, Guam, Lot No. 3378-7-2; 1 glock 27.40 caliber handgun serial #WAE950; 1 rock river 7.62 Nato Lar-8 rifle serial #UT103945 with a Nikon scope and biped; 1 AK47 pistol serial #M92PV042234; and assorted ammunition (hereinafter "subject properties"), in such a manner as the Attorney General (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject properties.

2. Any person, other than the above-named defendant, asserting a legal interest in the above-referenced property may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his/her alleged interest in any of the subject properties, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n).

3. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the appropriate U.S. Government Agency is hereby authorized to dispose of the subject properties in accordance with the law.

4. Any petition filed by a third party asserting an interest in any of the subject properties shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the properties, the time and circumstances of the petitioner's acquisitions of the right, title or interest in the property,

any additional facts supporting the petitioner's claim, and the relief sought.

5. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

6. The United States shall have clear title to the subject properties following the court's disposition of all third party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), for the filing of third party petitions.

7. The court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
**Chief Judge**
**Dated: Nov 22, 2016**