William L. Gavras, Esq.
LAW OFFICES OF WILLIAM L. GAVRAS
A Professional Corporation
101 Salisbury Street
Dededo, Guam 96929
Telephone: 632-4357
Facsimile: 632-4368

Attorney for Defendant
JUSTIN ROBERT WHITE CRUZ

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 15-00041 |
|---|---|
| Plaintiff, | |
| vs. | OBJECTIONS TO DRAFT PRESENTENCE REPORT |
| JUSTIN ROBERT WHITE CRUZ, | |
| Defendant, | |

COMES NOW Defendant, JUSTIN ROBERT WHITE CRUZ, and for his Objections to Draft Presentence Report, states as follows:

1. Defendant objects to paragraphs 20 and 21 of the PSR for the following reasons: 1) the amount of substance alleged to be ice is less than 4500 grams; 2) the substance was not proved to be ice.

2. Defendant objects to paragraph 29 of the PSR which states that four individuals named in that paragraph sold ice for the Defendant. These individuals did not sell ice for the Defendant at any time and in no way during the times that the

offences of conviction occurred. The Defendant did not organize or lead a criminal organization that contained five or more participants or was otherwise extensive.

3. Defendant objects to paragraph 30 of the PSR for the reason that the individuals named in the paragraph did not sell drugs for the Defendant. Additionally, Peter Santos did not arrive at Defendant's house to purchase narcotics, as Mr. Santos himself testified that he had no intent to purchase narcotics from the Defendant and was at the house for other reasons. Defendant's role in the offense should not be increased by four levels.

4. Defendant objects to paragraph 38 of the PSR for the reason that the three individuals named were not involved in any criminal activity the Defendant was convicted of. Additionally, §2D1.1(b)(15)'s requirements for an upward adjustment requires more than just a finding of friendship and affection. Assuming the participation of one or more of the three females mentioned, the other requirements of §2D1.1(b)(15)(A) such as the lack of remuneration are neither mentioned nor met.

5. Defendant objects to paragraph 39 of the PSR for the reason that as an upward adjustment the Government bears the burden on this finding. Essentially, the Government must prove by a preponderance of the evidence that the Defendant had no other sources of income other than drug dealing. There is no evidence supporting the finding that the Government has proved this negative.

6. Defendant objects to the upward adjustment of four levels for the reasons stated herein in paragraphs 2 – 5 *supra*.

7. Defendant objects to paragraph 47 for the following reasons: §2X3.1(a)(1) requires that the base offense level be " **6** levels lower than the offense level for the underlying offense," but subsection (a)(3)(A) states that in no event applicable in the instant case shall the base offense level be greater than 30. Because the base offense is the offense level for the underlying offense, and the offense level for the underlying offense already includes the upward adjustment for the firearms, it would be double counting to against add two offense levels for the firearms. The fact that the base offense level is capped at 30 does not mitigate the double counting.

8. Defendant objects to paragraphs 48, 49 and 50 of the PSR for the reason that it engages in double counting in the same way that paragraph 47 engages in double counting. Additionally, there is no proof of the underlying factual predicates as set forth in paragraphs 4 and 5 *supra.*

9. Defendant objects to paragraph 62 of the PSR for the reasons that the bad acts therein described have not been adjudicated, are subject to a motion to suppress, and that the Government stated at trial that it did not intend to introduce evidence of these alleged bad acts.

10. Defendant objects to paragraph 36 for the reasons stated in herein in paragraph 1 *supra*.

11. Defendant objects to paragraph 36, 37, 40, 42, 44, 50, 54, 56, 58 and 61 for the reasons already stated herein.

3

12. Assuming that this Court finds that the substance alleged to be ice was in fact ice, Defendant's base offense level should be 36 to reflect the actual weight of the substance. There should be an upward adjustment of two offense levels for obstructions and two offense levels for the firearms for a total offense level of 40.

WHEREFORE Defendant prays that his objections be sustained.

Respectfully Submitted,

LAW OFFICE OF WILLIAM L. GAVRAS

Dated: February 22, 2017.    By: _____/s/:William L. Gavras_____
                                                     Attorney for Defendant
                                                     JUSTIN ROBERT WHITE CRUZ